# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ALONZO EMBRY, JR.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 1:09-CV-2388-RDP** |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **COMMISSIONER OF** } | |
| **SOCIAL SECURITY,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Alonzo Embry Jr. ("Plaintiff") brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act") seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). *See* 42 U.S.C. §§ 405(g), 1383(c). Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is supported by substantial evidence and the proper legal standards were applied.

## I. Proceedings Below

This action arises from Plaintiff's applications for a period of disability, DIB, and SSI filed protectively on August 30, 2006, alleging disability beginning August 15, 2006. (Tr. 74-81, 100). Plaintiff's applications were denied by the Social Security Administration on December 28, 2006. (Tr. 36-42). Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 43). Plaintiff's request was granted and ALJ Cynthia W. Brown conducted the hearing on January 22, 2009, via video teleconference from her office in Birmingham, Alabama.

(Tr. 18-31).  Plaintiff appeared in person at the hearing in Anniston, Alabama, along with counsel, and John M. Long Jr., a vocational expert ("VE").  (Tr. 18).

In her decision dated May 19, 2009, the ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work in a climate controlled environment, free from exposure to fumes, odors, and dust, and that there are jobs that exist in sufficient numbers in the national economy that Plaintiff is capable of doing; accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act, and thus was not eligible for benefits.  (Tr. 13).  On September 25, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1), thereby making that decision the final decision of the Commissioner and a proper subject of this court's review. 42 U.S.C. § 405(g).

At the time of the hearing, Plaintiff was 38 years old and had completed a twelfth-grade education, as well as one year of college.  (Tr. 22, 100, 123).  Plaintiff had previously worked as a chicken cutter, cotton dolfer, plywood grader, army medic, and certified nurse's assistant.  (Tr. 110, 117).  Plaintiff alleges he is unable to work due to pulmonary conditions, specifically: chronic asthma, allergies, bronchitis, chronic obstructive pulmonary disease ("COPD"), and the resulting fatigue and shortness of breath associated with each illness.  (Tr. 25, 116).  Plaintiff testified that he uses home nebulizing treatments approximately 6-8 times daily. (Tr. 23). Because each treatment is approximately fifteen minutes in duration, Plaintiff testified that these treatments would preclude him from working.  (Tr. 24).  Plaintiff further testified that he uses a rescue inhaler approximately four times daily to help control his asthma.  (Tr. 24).

On February 23, 2004, Plaintiff was admitted to the ER suffering from asthma exacerbation with possible bacterial infection.  (Tr. 138).  Plaintiff responded to treatment and was released two days later.  (Tr. 138).  Plaintiff was treated by Dr. Robert Grubbe from April 2004 to August 2004

for extrinsic asthma, a sinus infection, and rhinitis. (Tr. 142-57). On April 12, 2004, Plaintiff was administered a spirometry test resulting in a diagnosis of possible early obstructive pulmonary impairment. (Tr. 162). Possible differential diagnoses include mild small airway disease and/or earliest stages of emphysema. (Tr. 162). On January 19, 2005, Plaintiff was admitted to the ER suffering from an asthma exacerbation. (Tr. 173). It was noted that Plaintiff refused admittance to the hospital, preferring to try medications instead. (Tr. 170).

A consultative examination was performed by Dr. Song Yu on November 13, 2006. (Tr. 215-17). Dr. Yu concluded that based on Plaintiff's 2004 spirometry test and past history of chronic obstructive pulmonary disease, Plaintiff's ability to do some work related activities, such as walking, lifting, and carrying objects was severely limited; however, in the areas of standing, sitting, hearing, speaking, and traveling he was normal. (Tr. 217).

In 2007, Plaintiff visited the Veteran's Administration Hospital in Birmingham, Alabama, as well as the Veteran's Administration Clinic in Anniston, Alabama on various occasions. (Tr. 239-94). Progress notes mention that Plaintiff failed to show up or cancel a total of four appointments within a three month span. (Tr. 259). On September 19, 2007, Plaintiff presented at the Stringfellow ER in Anniston, Alabama wherein a CT scan of his lungs was performed and subsequently evaluated by a doctor at the Birmingham Veterans Administration Medical Center. (Tr. 272). Results of the CT scan revealed "mild diffuse bronchial wall thickening and very minimal bronchiectasis without convincing evidence of airspace or interstitial disease." (Tr. 240). Progress notes dated October 2, 2007, mention that Plaintiff stated a doctor from the Birmingham VA Medical Center had instructed him to stop taking his Theophylline medication. (Tr. 269). Those notes further indicated that Plaintiff had not ordered several medications in more than three months. (Tr. 269).

## II.  ALJ Decision

Disability under the Act is determined under a five-step analysis. 20 C.F.R. § 404.1 *et. seq*. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. 404.1520(b). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. 404.1572(a). "Gainful work activity" is work that is done for pay or profit. 20 C.F.R. 404.1572(b). If the claimant engages in gainful work activity, then the claimant cannot claim disability. Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limit the claimant's ability to perform basic work activities. Absent such an impairment, the claimant may not claim disability. Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. 404, Subpart P Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). If such criteria are met, the claimant is declared disabled.

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. If it is determined that the claimant is capable of performing past relevant work, then he is deemed not disabled. If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education, and work experience. 20 C.F.R. 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the

existence, in significant numbers, of jobs in the national economy that the claimant can do. 20 C.F.R. 404.1512(g); 20 C.F.R. 404.1560(c).

In the instant case, the ALJ determined that (1) Plaintiff did not engage in substantial gainful activity during the time of the alleged disability, (2) Plaintiff does have medically determinable impairments that more than minimally affect his ability to perform work-related activities, but that (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P Appendix 1, and that (4) Plaintiff is unable to perform any past relevant work. (Tr. 12, 13, 15).

After consideration of all the medical evidence, the ALJ found that Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with the additional restriction that he needs a temperature controlled environment free from concentrated exposure to fumes, odors and dust. (Tr. 13). Although the ALJ found that Plaintiff is unable to perform his past relevant work, she concluded that there are a significant number of sedentary jobs which exist in the national economy that are in a temperature controlled environment and free from exposure to fumes that Plaintiff could perform. (Tr. 16). Therefore, the ALJ concluded that Plaintiff is not disabled as defined in the Act, and thus not entitled to a period of disability, DIB, or SSI. (Tr. 16). It is the ALJ's determination of Plaintiff's RFC and his determination of the credibility of Plaintiff's suggestive complaints of pain that are at issue in this case.

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff presents a single argument for reversing the decision of the ALJ. (Pl.'s Mem. 1). Plaintiff asserts that the Commissioner erred by not properly evaluating the credibility of his complaints of pain consistent with the Eleventh Circuit Pain Standard. (Pl's Mem. 8). This argument will be addressed in two separate categories. First, because Plaintiff's subjective

complaints of pain do not comport with his RFC evaluation, we must assess his credibility as to his pain.  In order to determine if Plaintiff's credibility was correctly analyzed, we must determine if the ALJ correctly determined Plaintiff's RFC in compliance with the standards.  Second, we must evaluate Plaintiff's subjective claims based on the Eleventh Circuit's Pain Standard.

## IV.  Standard of Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence or whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8  (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citation omitted)). If supported by substantial evidence, the Commissioner's factual findings must be affirmed, even if the record preponderates against the Commissioner's findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004).  *See also Martin*, 894 F.2d at 1529.  Legal standards are reviewed *de novo*. *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  While the court acknowledges that judicial review of the ALJ's findings are limited in scope, the court also notes that review "does not yield automatic affirmance."  *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

## V.  Discussion

**A.  The ALJ Correctly Determined That Plaintiff Retains the Residual Functional Capacity to Perform Jobs at the Sedentary Exertional Level That Exist in Significant Numbers.**

The ALJ found Plaintiff's subjective complaints of pain and limitations were not credible to the extent they were inconsistent with his RFC assessment.  (Tr. 13).  A claimant's RFC is an

assessment based on all of the relevant evidence pertaining to a claimant's remaining ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) *citing* 20 C.F.R. § 404.1545(a). The "determination of residual functional capacity is within the authority of the ALJ." *Beech v. Apfel*, 100 F.Supp.2d 1323, 1330 (S.D. Ala. 2000). When assessing Plaintiff's RFC, the ALJ concluded that Plaintiff could perform work at the sedentary exertional level, except that he needs a temperature-controlled environment without concentrated exposure to environmental irritants, such as fumes, odors, and dust. (Tr. 13, Finding No. 5). In making this determination, the ALJ relied on the medical opinion of Dr. Yu, as well as the determination of the reviewing sources. (Tr. 14).

Dr. Yu concluded that while Plaintiff would be severely limited in doing work related activities such as walking, lifting, and carrying objects, he should not be limited in the areas of sitting, hearing, traveling and speaking. (Tr. 217). These physical limitations are consistent with the sedentary RFC level which is defined as lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sedentary work involves sitting, a certain amount of walking and standing—but no more than occasional—is often necessary as well in order to carry out job duties. 20 C.F.R. 404.1567(a), 416.967(a); *see Dyer v. Barnhart*, 395 F.3d 1206,1211 (11th Cir. 2005) (internal citations omitted).

During the hearing, the VE testified that Plaintiff was considered a younger individual with a high school education and one year of college, but no determinable degree. He further testified that Plaintiff's work as a chicken cutter is classified as light, unskilled work; cotton dolfer– medium, unskilled work; plywood grader–medium, semiskilled work; and certified nurses assistant– medium, semiskilled work. (Tr. 29). Additionally, the VE stated that the skills utilized in these jobs would be specific to the industry and would not transfer. (Tr. 29). The ALJ asked the VE if jobs would

be available assuming, hypothetically, a person of Plaintiff's age, education and work experience as described, working at the sedentary level of exertion as that term is defined in the Regulations, in a temperature-controlled environment without concentrated exposure to fumes, odors, et cetera. The VE responded in the affirmative, stating that in North Alabama there would be as many as 2,500 cashier jobs, 1,200 assembly jobs, and 800 monitor tech jobs. (Tr. 29). When asked by Plaintiff's counsel what the vocational significance would be assuming a person of Plaintiff's same age, education and work experience, who because of shortness of breath has to lie down approximately eight hours out of the day, the VE responded that all work would be precluded if that was eight hours during the working hours of a day. (Tr. 30). When asked to assume a person of the same age, education and work experience as Plaintiff, who would miss three or more days of work per month due to symptoms from his breathing disorder, the VE responded that the vocational significance would preclude the ability to maintain a work habit which is necessary for competitive employment. (Tr. 30).

As a matter of law, the ALJ is not obligated to enumerate every single alleged limitation. In this jurisdiction, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ decision…is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered h[is] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal citation omitted). A review of the ALJ's RFC determination suggests to the court that the ALJ did consider Plaintiff's medical condition as a whole. The ALJ considered Plaintiff's functional limitations as stated by the disability examiner, Dr. Robert Grubbe, Dr. Yu, doctors at two ERs, as well as doctors at the Veteran's Administration Hospital and Clinic. (Tr. 14). Plaintiff was treated by Dr. Grubbe for extrinsic asthma, allergic rhinitis, allergic conjunctivitis, chronic bronchitis, and mild restrictive ventilatory

defect. (Tr. 143-63). Doctors at the Veterans Administration Hospital and Clinic made note of Plaintiff's mild diffuse bronchial wall thickening, asthma, hypertension, and obesity. (Tr. 239-52). The ALJ's consideration of the medical record evidence was not an arbitrary and broad dismissal of evidence and her findings are supported by substantial evidence. Therefore, the court cannot conclude that the ALJ's RFC assessment was improperly conducted.

B.  **The ALJ Properly Evaluated the Credibility of Plaintiff's Complaints of Pain Consistent with the Eleventh Circuit Pain Standard and This is Supported by Substantial Evidence.**

Plaintiff argues that the ALJ did not properly assess his credibility regarding his complaints of pain in a manner consistent with the Eleventh Circuit authority. (Pl.'s Mem. 8). In particular, Plaintiff argues that the ALJ's findings were improper because they were not supported by actual evidence. (Pl.'s Mem. 8). Plaintiff contends that the medical records are replete with his complaints of (and treatment for) what is described as severe asthma. (Pl.'s Mem. 8). Plaintiff claims that the ALJ attempted to further discredit his testimony by finding "the claimant does not see a doctor on a regular basis," that he has only had "one hospitalization for asthma," and that he had "infrequent emergency room visits for asthma exacerbation." (Pl.'s Mem. 8). These claims, however, are off the mark.

The Eleventh Circuit has established a three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms. The standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

9

*Foote v. Charter*, 67 F.3d 1553,1560 (11th Cir. 1995); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

If a claimant testifies as to his subjective complaints of disabling pain and the ALJ decides not to credit such testimony, the ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991), *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Holt*, 921 F.2d at 1223; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, the ALJ determined that Plaintiff had "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [his] residual functional capacity assessment." (Tr. 13). Since the ALJ discredited Plaintiff's pain testimony, the court's task here is to evaluate the ALJ's stated reasons for her decision and determine if they are supported by substantial evidence. *Dyer*, 395 F.3d at 1210. A review of the record convinces the court that they are indeed.

The ALJ found: (1) Plaintiff's testimony is not consistent with the medical evidence or with the opinions of the medical treating and consulting sources, and (2) repeated examinations found no evidence to support Plaintiff's allegations of chronic shortness of breath and fatigue. (Tr. 14). Plaintiff claims that he spends around eight hours during the day lying down, is constantly out of breath, and takes between six and eight breathing treatments daily. (Pl.'s Mem 5). But this contention is unsupported by the record which shows Plaintiff takes nebulizing treatments only 2-3 times daily, and had not refilled some of his medications in over three months. (Tr. 269, 273).

Further, Dr. Yu's description that Plaintiff was sitting upright in a chair with no signs of distress seems to dispel Plaintiff's contention that he is consistently out of breath. (Tr. 216). The Eleventh Circuit has held that if the ALJ "adequately explained his reasons [then] it was a reversible error for the district court to hold otherwise." *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).

Also, as the ALJ noted, Plaintiff does not see a doctor on a regular basis. (Tr. 14). The record reflects that Plaintiff missed numerous scheduled appointments and only frequents emergency rooms when he has allowed his asthma to become uncontrolled. (Tr. 188-99). Plaintiff contends that this is due to the fact that he does not have insurance. (Pl.'s Mem. 9). While the ALJ did not address Plaintiff's lack of insurance in her opinion, the medical evidence that she cited demonstrates that she properly credited actual medical evidence and did not place an unfounded emphasis on the finding that Plaintiff did not have a treating doctor.

The ALJ followed the correct legal standards and her findings are supported by substantial evidence. Therefore, the ALJ's decision is due to be affirmed.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this \_\_\_\_10th\_\_\_\_ day of March, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE